IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRYANT COOK,** | ) | CASE NO. 7:18CV00311 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **WARDEN, USP LEE COUNTY,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Bryant Cook, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Cook alleges that he should be resentenced, because his federal sentence as imposed has since become unlawful under Mathis v. United States, __U.S.__, 136 S. Ct. 2243 (2016). Upon review of the record, the court concludes that Cook's claim for relief under § 2241 must be dismissed for lack of jurisdiction.

I.

Court records indicate that in October 1996, a grand jury in the United States District Court for the Eastern District of Tennessee, Chattanooga Division, returned a second superseding indictment charging Cook in two of 38 counts. Specifically, Count One charged Cook with conspiracy to possess with the intent to distribute a detectable amount of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count Two charged Cook with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. In February 1997, the government filed an amended information under 21 U.S.C. § 851(a)(1), notifying Cook that it

---

[1] A § 2241 petition must be brought in the district court with personal jurisdiction over the petitioner's custodian, who is usually the warden of the prison facility where the petitioner is incarcerated. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). When Cook filed his § 2241 petition, he was incarcerated at the United States Penitentiary in Lee County, Virginia, located in this district. Shortly thereafter, he notified the court of his transfer to a federal prison in California. Nevertheless, counsel for the respondent filed a motion to dismiss without arguing that Cook's petition should be transferred to the appropriate federal court in California. Therefore, this court declines to transfer the case. See Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (finding § 2241 respondent's objection to personal jurisdiction waived if not timely asserted).

intended to seek a mandatory minimum life sentence on Count One, based on two prior felony drug convictions under California law: possession of phencyclidine (also known as PCP) for resale and possession of cocaine for resale. See Mot. Dism. Ex. C, Ex. D, ECF No. 11.

A jury ultimately found Cook guilty on Count One. On June 16, 1997, the Tennessee district court granted the government's motion for the 851 enhancement, based on his two prior California drug felonies. Instead of the ten-year mandatory minimum Cook would have faced without the enhancement, the court sentenced Cook to a term of mandatory life in prison, pursuant to 21 U.S.C. § 841(b)(1)(A). His appeals were unsuccessful. See United States v. Rooks, 181 F.3d 105, at *5 n.5 (6th Cir. 1999) (unpublished), cert. denied, 528 U.S. 1126 (2000).

Cook previously filed a § 2255 motion in the Eastern District of Tennessee, concerning this conviction and sentence. It was ultimately denied, and his appeals were unsuccessful. See Cook v. United States, 246 F. App'x 990 (6th Cir. 2007), cert. denied, 553 U.S. 1090 (2008).

In his current petition under § 2241, Cook contends that in light of the Mathis decision, his two California drug felonies no longer qualify as predicates for an enhancement of his sentence under § 851 and § 841(b)(1)(A), and that he should be resentenced without the enhancement. The government has filed a motion to dismiss, to which Cook has responded, making the motion ripe for decision.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or

2

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred, procedurally or by the gatekeeping requirements of § 2255, does not render the remedy inadequate or ineffective. In re Jones, 226 F.3d at 332; see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

Several circuit courts of appeals, including the United States Court of Appeals for the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. United States v. Wheeler, 886 F.3d 415, 424–25 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318, 203 L. Ed. 2d 600 (2019) (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Id. at 425.[2] In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. Thus, unless Cook demonstrates that the circumstances of his case satisfy the four-part test in Wheeler so that the savings clause applies to permit his sentence challenge under

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

Mathis and Johnson in a § 2241 petition, this court has no "power to act" on his § 2241 claim. Id.

Cook makes the following arguments by which he contends that he meets the Wheeler factors to bring his sentence challenge in a § 2241 petition. First, Cook's sentence was legal under settled law at the time of sentencing in 1997. Second, after Cook's appeal and first § 2255 motion, the Supreme Court decided Mathis under its prior precedents, making Mathis an old rule that applies on collateral review. See Whorton v. Bockting, 549 U.S. 406, 416 (2007) ("an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review."). Third, Cook is unable to meet the gatekeeping provisions of § 2255(h)(2), because Mathis is a decision of statutory law, not constitutional law. Fourth, the enhancement of Cook's sentence under § 841(b)(1)(A) constitutes a fundamental defect, because after Mathis, it exceeds the otherwise applicable statutory maximum penalty for his offense.

The prevailing position in this circuit is that Mathis did not make a retroactive change in substantive law as contemplated by the analysis set forth in Wheeler. See, e.g., Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); Walker v. Kassell, 726 F. App'x 191, 192 (4th Cir. 2018) (per curiam) ("[W]e affirm because . . . Mathis . . . has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241."). As the Fourth Circuit has explained:

> Descamps [v. United States, 570 U.S. 254 (2013)] and Mathis did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. See Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); Descamps, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013) ("In Descamps,

4

the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach.").

Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018); Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) ("Mathis did not announce a substantive change to the law."); Waddy v. Warden, FCI Petersburg, No. 3:17CV802, 2019 WL 3755496, at *3-4 (E.D. Va. Aug. 8, 2019) (dismissing § 2241 upon finding that because Mathis was not a "retroactively applicable change in the substantive law subsequent to [defendant's] direct appeal and his first § 2255 motion, he cannot satisfy the requirement of Wheeler") (quoting Brooks, 735 F. App'x at 109) (emphasis added). Moreover, Cook has not cited any controlling court decision holding that Mathis qualifies as a retroactive change in substantive law as required by the second Wheeler factor.

All four of the Wheeler factors must be satisfied, and Cook has failed to satisfy one of the four. Accordingly, this court is constrained to conclude that it lacks jurisdiction to address Cook's claim under the savings clause and § 2241.

For the reasons stated, the court will dismiss Cook's § 2241 petition without prejudice for lack of jurisdiction. An appropriate order will issue herewith.

ENTER: This 21st day of November, 2019.

/s/ Glen Conrad
Senior United States District Judge

5